[Cite as *Lemley v. Cleveland*, 2012-Ohio-1544.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97296**

# SCOTT LEMLEY, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# CITY OF CLEVELAND

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-589743

**BEFORE:** Blackmon, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEY FOR APPELLANTS**

Roger M. Bundy
4766 Broadview Road
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law

By: Susan M. Bungard
        Katherine S. Zvomuya
Assistant Directors of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellants Scott and Rebecca Lemley, et al. ("the Lemleys"), appeal the trial court's decision granting summary judgment in favor of the city of Cleveland ("the City"). The Lemleys assign the following error for our review:

> **I. The trial court erred in granting summary judgment in favor of appellee and against appellants.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On June 21, 1996, the Lemleys purchased a single-family home located at 4105 Archwood Avenue, Cleveland, Ohio 44109. The home is located in an area that was declared a historical district in 1984 and is known as the Brooklyn Center Landmark District. After their purchase, the Lemleys made plans to remodel the property. They obtained a $40,000 loan, purchased materials, and commenced repairs in October 1998.

**{¶4}** In November 1998, the City discovered the Lemleys were remodeling their home and that they intended to install vinyl siding instead of maintaining the historical feature of the structure. The City informed the Lemleys that by virtue of their home being located in a historic district, the intended repairs did not conform to the district's requirements. The City informed the Lemleys that they had to meet with the Brooklyn Center Design Review Committee and that they had to cease the repair work.

**{¶5}** On May 14, 1999, the Lemleys, who claimed not to have been aware that their property was located in a historic district, applied for a permit, also known as a Certificate of Appropriateness, to install the vinyl siding on their home. The City denied the permit. The Lemleys then took the original application to the Cleveland Landmark Commission, which also denied the permit.

**{¶6}** Thereafter, negotiations ensued between the Lemleys and the City in an attempt to resolve the issue. As a result, the parties reached an agreement whereby the Lemleys would obtain financial assistance in renovating the property within the historical guidelines. Specifically, the City, through Councilwoman Merle Gordon, agreed to cover a third of the cost, the Cleveland Restoration Society a third, and the Lemleys a third.

**{¶7}** However, in the midst of the negotiations, the federal government changed the requirements relating to abating lead-based paints and the ability to use federal funds to rehabilitate properties. Consequently, neither the City nor the Cleveland Restoration Society could assist the Lemleys as previously anticipated. Without the City's assistance, the cost of the repairs increased from $19,000 to $60,000, and the agreement collapsed.

**{¶8}** On February 8, 2002, the City cited the Lemleys for failing to bring the property up to the building code requirements. After months of negotiations, the City dismissed the case.

**{¶9}** Ultimately, one year elapsed from the time the Lemleys applied for and were denied a permit. Pursuant to Cleveland Codified Ordinances 161.05(d), the

Certificate of Appropriateness would automatically issue at the expiration of one year after the permit was denied. As such, the City could no longer prevent them commencing repairs without satisfying the heightened requirements of the Landmark Commission and the Historic District. However, the City failed to notify the Lemleys that the Certificate of Appropriateness had automatically been issued effective May 14, 2000.

{¶10} On June 5, 2003, alleging that the City's failure to notify them that the Certificate of Appropriateness had automatically been issued had caused them financial hardship, the Lemleys filed suit against the City, the Cleveland Landmark Commission, and the Archwood Denison Historic District. The Lemleys asserted claims of taking without just compensation, denial of due process of law, intentional misrepresentation, conversion, slander of title, and malicious prosecution.

{¶11} The case was removed to federal court, but remanded to the common pleas court a year later. On October 14, 2005, the Lemleys voluntarily dismissed the case.

{¶12} On April 21, 2006, the Lemleys refiled the complaint against the City and named Old Brooklyn Community Development Corporation as defendants. On August 30, 2006, the case was removed a second time to federal court. On June 4, 2009, the federal court remanded the case to the common pleas court.

{¶13} On September 16 and 17, 2009, the City and Old Brooklyn Community Development Corporation filed their respective motions for summary judgment. On October 23, 2009, the Lemleys filed their motion in opposition. On December 10,

2009, the parties stipulated that the Lemleys' claims against Old Brooklyn Community Development Corporation were dismissed with prejudice. On August 21, 2011, the trial court granted the City's motion for summary judgment.

## Summary Judgment

{¶14} In the sole assigned error, the Lemleys argue the trial court erred in granting summary judgment in favor of the City.

{¶15} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶16} Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶17} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden,

summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

{¶18}     With the appropriate standard of review set forth, we will now turn our attention to the instant appeal.   As an initial matter, the Lemleys' appellate brief only addresses the issue of the City's failure to timely issue a Certificate of Appropriateness and omits any discussion of the claims of taking without just compensation, denial of due process of law, intentional misrepresentation, conversion, slander of title, and malicious prosecution.

{¶19}     App.R. 16(A)(7) states that appellant shall include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *Schwab v. Delphi Packard Elec. Systems*, 11th Dist. No. 2002-T-0081, 2003-Ohio-4868.  *See also* App.R. 12(A)(2).

{¶20}   Here, the Lemleys have failed to set forth any argument or evidence from the record that relates to the aforementioned claims.  Consequently, and in accordance with App.R. 16(A)(7) and 12(A)(2), we will forego any review regarding the granting of summary judgment as to those claims.

{¶21}   In the instant case, the Lemleys argue that they were harmed financially when the City waited almost two years to notify them that a Certificate of Appropriateness had automatically been issued in May 2000.  Specifically, the Lemleys

claim the City's delay resulted in them having to take out an additional loan to finance the required repairs. The City, on the other hand, argues that immunity, under R.C. Chapter 2744, applies to the Lemleys' claim of damages arising from the City's delay in issuing the Certificate of Appropriateness. With all due sensitivity to the Lemleys' plight, we agree that immunity applies to their claim.

{¶22} In *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 2000-Ohio-486, 733 N.E.2d 1141, the Ohio Supreme Court set out the standard for sovereign immunity.

{¶23} R.C. Chapter 2744 sets out the method of analysis, which can be viewed as involving three tiers for determining a political subdivision's immunity from liability. First, R.C. 2744.02(A)(1) sets out a general rule that political subdivisions are not liable in damages. In setting out this rule, R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental and proprietary functions and states that the general rule of immunity is not absolute, but is limited by the provisions of R.C. 2744.02(B), which details when a political subdivision is not immune.

{¶24} Thus, the relevant point of analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply. Furthermore, if any exceptions are found to apply in R.C. 2744.02(B), a consideration of the application of R.C. 2744.03 becomes relevant, as the third tier of analysis. *See Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998). *See also Harp v. Cleveland Hts.*, 87 Ohio St.3d 506, 509,

721 N.E.2d 1020 (2000); *Hill v. Urbana*, 79 Ohio St.3d 130, 133, 679 N.E.2d 1109 (1997).

{¶25} Preliminarily, we note that the Lemleys do not challenge the constitutionality of any aspect of R.C. Chapter 2744. Therefore, our inquiry is confined solely to interpreting the provisions of the relevant statutes.

{¶26} In the instant case, the Lemleys argue that the City is liable under R.C. 2744.02(B)(2), which provides in pertinent part that political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

{¶27} Specifically, relying on R.C. 2744.02(B)(2), the Lemleys argue the issuance of a Certificate of Appropriateness, or failure to do so, involves a proprietary function, as opposed to a governmental function. Their reliance, however, is misplaced. R.C. 2744.01(C)(2)(p), provides in pertinent part that:

> **[a] "governmental function" includes, but is not limited to, the following: The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures[.]**

{¶28} Here, the City's issuance of a Certificate of Appropriateness falls squarely within the contemplation of R.C. 2744.01(C)(2)(p), specifically, inspections in connection with building, zoning, issuance or revocation of building permits, or stop work orders in

connection with buildings or structures.  Thus, despite the City's failure to promptly notify the Lemleys that a Certificate of Appropriateness had automatically been issued in May 2000, they are immune from liability under the statute.  As such, the trial court properly granted summary judgment in the City's favor.  Accordingly, we overrule the sole assigned error.

**{¶29}**  Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR